IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALKER,<br><br>            Plaintiff,<br><br>   v.<br><br>R. SETH WILLIAMS,<br><br>            Defendant. | CIVIL ACTION<br>NO. 15-1567 |

**OPINION**

**Slomsky, J.**                                                                                                 February 17, 2016

## I.     INTRODUCTION

Plaintiff Gary Walker brings this civil action under 42 U.S.C. § 1983 against Defendant R. Seth Williams, the District Attorney of Philadelphia. Plaintiff alleges that he was deprived of his procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution because he was denied access to evidence for purposes of DNA and ballistics testing. (Doc. Nos. 8, 9.) Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaints, which was filed on August 21, 2015. (Doc. No. 12.) For the following reasons, the Court will grant Defendant's Motion and dismiss the Amended Complaints.[1]

---

[1] Plaintiff filed two documents styled as an Amended Petition (Doc. No. 8) and an Amended Complaint (Doc. No. 9). By Order of this Court on May 6, 2015, the two filings were both to be considered as Amended Complaints, together constituting the governing pleading in this case. (Doc. No. 10.)

II.   BACKGROUND

On July 7, 1997, Plaintiff Gary Walker was convicted by a jury of first-degree murder and sentenced to life imprisonment.[2] The homicide was the result of a shoot-out during which Plaintiff shot the victim multiple times at close range. The prime witness testified that he saw Plaintiff shoot the witness point-blank, and the jury accepted this testimony as true. The defense, which was rejected by the jury, was that because of the multiplicity of gun shots fired during the shoot-out, it could not be proven beyond a reasonable doubt that the shots fired from Plaintiff's gun were those that led to the victim's death.

On appeal, the Pennsylvania Superior Court affirmed Plaintiff's conviction on August 16, 1999, and the Pennsylvania Supreme Court denied his petition for an allowance of an appeal on December 28, 1999. (Doc. No. 12-1 at 1.) On September 6, 2000, Plaintiff filed his first petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. (Id. at 2.) On September 6, 2002, the PCRA court dismissed Plaintiff's petition. This decision was affirmed by the Pennsylvania Superior Court on May 5, 2004. (Id.) The Pennsylvania Supreme Court denied Plaintiff's appeal on January 4, 2005. (Id.) On February 8, 2005, Plaintiff filed a petition for writ of habeas corpus in this Court. On February 26, 2007, the Court approved and adopted a Report and Recommendation of the assigned U.S. Magistrate Judge that the petition be denied. Walker, 2007 WL 666763.

Following the denial of his habeas petition, Plaintiff filed in state court, on September 14, 2009, a second PCRA petition in which he claimed that the homicide was committed in self-defense. (Doc. No. 12-1 at 2.) Plaintiff requested, as evidence to support his self-defense claim, the production of his firearm and the clothing that both he and the victim wore during the shoot-

---

[2]   The facts surrounding Plaintiff's conviction are taken from an Opinion of this Court denying Plaintiff's 2005 petition for writ of habeas corpus. See Walker v. Palahovich, 2007 WL 666763 (E.D. Pa. Feb. 26, 2007).

out. (Doc. No. 8 at 25-26.) Plaintiff believed that DNA and ballistics testing on the requested evidence would prove that he did not shoot the victim at close range. Id. The second PCRA court dismissed his petition on January 11, 2013 for lack of jurisdiction because the petition was untimely filed, and the Pennsylvania Superior Court affirmed that decision on July 21, 2014. (Doc. No. 12-1 at 2.) The reason for the untimeliness of the filing was unrelated to the request for the production of evidence for DNA testing.[3] The Superior Court affirmed the PCRA court decision because of Plaintiff's untimely filing of the second petition.

On April 14, 2015, Plaintiff filed the instant civil action against Defendant R. Seth Williams, the District Attorney of Philadelphia. (Doc. No. 5.) Plaintiff filed the Amended Complaints on April 29, 2015 and May 5, 2015. (Doc. Nos. 8, 9.) In the Amended Complaints, Plaintiff alleges that Defendant has deprived him of procedural due process in violation of the Fourteenth Amendment by failing to provide him with the evidence sought in his second PCRA proceeding. (Id.) Plaintiff requests that this Court compel the state court to maintain jurisdiction over his second PCRA petition and order the District Attorney to turn over the requested evidence. (Doc. No. 8 at 7.)

As noted above, Defendant filed the Motion to Dismiss on August 21, 2015. (Doc. No. 12.) Plaintiff filed an Opposition to Defendant's Motion to Dismiss on September 15, 2015.[4] (Doc. No. 14.) The Motion is now ripe for a decision.

---

[3] Under Pennsylvania law, there is a one-year statute of limitations after a conviction becomes final in which to file a PCRA petition. 42 Pa. Cons. Stat. § 9545(b)(1). Plaintiff's second PCRA petition was dismissed because it was filed after the one-year statute of limitations had run.

[4] Plaintiff also filed a Petition to Supplement the Record on October 19, 2015 (Doc. No. 15) and a Motion to Amend the Complaint to Include a Verification Form on February 1, 2016 (Doc. No. 16). The filings have not been opposed by Defendant and will be granted as part of the Order entered on the Motion to Dismiss.

### III.    ANALYSIS

Defendant moves this Court to dismiss Plaintiff's Amended Complaints for, inter alia, lack of jurisdiction and failure to state a claim.  Specifically, Defendant argues: 1) Plaintiff's claim of deprivation of property is barred by a two-year statute of limitations;  2) this Court lacks jurisdiction to grant the requested relief pursuant to Fed. R. Civ. P. 12(b)(1);  3) Defendant is improperly sued in his official capacity and the pleadings cannot survive under Monell v. Department of Social Services, 436 U.S. 658 (1978);  4) Plaintiff has failed to follow state procedures for post-conviction DNA testing as set forth 42 Pa. Cons. Stat. § 9543.1; and 5) Plaintiff has failed to follow PCRA discovery rules as required by Pa. R. Crim. P. 902(E).

Plaintiff, in response, asserts that the PCRA court incorrectly found that his second PCRA petition was untimely and renews his request for the production of the evidence.  For the reasons stated below, Defendant's claims are unavailing and the consolidated Amended Complaints will be dismissed.

#### A.  Plaintiff's § 1983 Claim Is Barred by the Two-Year Statute of Limitations

Defendant argues that Plaintiff's § 1983 claim requesting the production of his clothing and firearm is untimely.  These items were seized by state agents shortly after the homicide was committed on December 13, 1995.  Defendant asserts that Plaintiff brings the present § 1983 claim seeking the production of these items sixteen years later, which is well beyond the two-year statute of limitations during which time he was permitted to bring such a claim.  Defendant is correct in this regard.[5]

---

[5]  Defendant asserts that Plaintiff's claim must be dismissed under the two-year statute of limitations for deprivation of property pursuant to Pennsylvania law.  See 42 Pa. Stat. Cons. § 5524(3).  Plaintiff's Amended Complaints, however, essentially allege a claim for personal injury for which relief may be granted under the pertinent civil rights statute.  Id. § 5524(7).  Although Defendant does not argue the applicability of Subdivision 7 of § 5524, it is evident

The Pennsylvania statute of limitations for personal injury claims applies when the underlying cause of action is for a constitutional violation of procedural due process. Sameric Corp. of Delaware. Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (holding that "in actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury . . . [which] is two years . . . [for] due process claims.") In Pennsylvania, the statute of limitations to bring a personal injury suit is two years. 42 Pa. Cons. Stat. § 5524. The date on which the applicable statute of limitations tolls is "when the plaintiff knew or should have known of the injury upon which its action is based." Id. Plaintiff claims that his procedural due process rights have been violated by the denial of access to the items requested for post-conviction testing. Thus, this claim is treated as a personal injury claim under § 1983 and is subject to Pennsylvania's two-year statute of limitations.

Plaintiff filed the instant civil rights suit in this Court on April 14, 2015. However, as Plaintiff concedes, he made a request to his then-counsel during trial in 1997 that DNA testing of his clothes be conducted. (Doc. No. 8 at 2.) He also requested ballistics testing on his firearm by June 30, 2010. (Id. at 21.) Considering the dates of these requests, Plaintiff "knew or should have known of the injury upon which its action is based"—that is, the deprivation of evidence on which his § 1983 claim is predicated—well over two years before April 14, 2015, when he filed the present § 1983 suit. Thus, Plaintiff's claim is time-barred under Pennsylvania's two-year statute of limitations, and for this reason his Amended Complaints must be dismissed.

### B.  Plaintiff's Claims Are Also Barred under the Rooker-Feldman Doctrine

Defendant also asserts that the Court is without jurisdiction to review Plaintiff's claims under Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of

---

that it applies here.  Nonetheless, the statute of limitations under both § 5524(3) and § 5524(7) is two years, and this time period applies in this case.

Appeals v. Feldman, 460 U.S. 462 (1983) (collectively, the "Rooker-Feldman Doctrine"). Under the Rooker-Feldman Doctrine, the United States Supreme Court is the only federal tribunal that has jurisdiction to review the final judgments of state courts. Gulla v. N. Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998). Lower federal courts, such as this District Court, are not permitted to "sit in direct review of the decisions of state [courts]." Id. Applying this principle, Defendant is correct that this Court does not have jurisdiction to review Plaintiff's claims.

The essence of Plaintiff's § 1983 claim involves the refusal of Defendant to produce the requested evidence for DNA testing and the failure of the second PCRA court to order its production. This was not ordered because Plaintiff's second PCRA petition was untimely filed in violation of the one-year statute of limitations. See 42 Pa. Cons. Stat. § 9545. To overcome this ruling, which was affirmed on appeal, Plaintiff asserts in his Amended Complaints that "[Plaintiff] is only challenging, as the denial of due process, procedural, Pennsylvania post-conviction DNA statute as construed by the Pennsylvania courts."[6]  (Doc. No. 8 at 5.)

---

[6] It is difficult to discern exactly what Plaintiff is challenging because the state court never reached the issue of the application of Pennsylvania's post-conviction DNA statute to his case. This statute provides procedures for securing post-conviction DNA testing on requested evidence, beginning with the filing of a motion for the evidence. 42 Pa. Cons. Stat. § 9543.1. The statute:

> "sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion [for it]; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigenc[e]. Additionally . . . the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. [T]he court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish

Regardless of whether Plaintiff is challenging the state court decision applying the statute of limitations to bar his PCRA petition, or the application of the Pennsylvania post-conviction DNA statute to his case, the Court is still without jurisdiction under the Rooker-Feldman Doctrine to review Plaintiff's claims.

With regard to Plaintiff's underlying challenge to the state court's application of the PCRA statute of limitations, Plaintiff would have the Court overrule the decision of the state court and order that it does have jurisdiction over his PCRA petition.  Moreover, Plaintiff requests that this Court instruct the second PCRA state court to order the production of the requested evidence.  At the very least, Plaintiff's Amended Complaints ask this Court to sit in direct review of the state court's decision applying Pennsylvania's statute of limitations that barred his PCRA petition and, in doing so, <u>sub silentio</u> denied his request for the production of evidence.  Under the Rooker-Feldman Doctrine, this Court is not authorized to do so.  If Plaintiff desired federal review of the state court decisions, including that of the appellate court, he should have appealed those decisions to the United States Supreme Court.

Addressing Plaintiff's stated challenge to the "Pennsylvania post-conviction DNA statute as construed by the Pennsylvania courts," this Court similarly is without jurisdiction to review Plaintiff's claim.  A discussion of the applicable law regarding this claim begins with <u>Skinner v.</u>

---

       petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence."

<u>Wagner v. Dist. Attorney of Allegheny Cty., Pa.</u>, No. 11-CV-762, 2012 WL 2090093, at *10 (W.D. Pa. May 21, 2012) (citations omitted).  Plaintiff does not allege that he ever complied with the DNA statute or that those procedures are constitutionally inadequate.  Federal courts have held that the Pennsylvania DNA statute is constitutionally sound.  <u>See, e.g.</u>, <u>Wagner</u>; <u>Devine v. Cameron</u>, No. 09-CV-0171, 2011 WL 12854196, at *17 (E.D. Pa. Nov. 30, 2011).

Switzer, 131 S. Ct. 1289 (2011).  In that case, a prisoner brought a § 1983 claim against a district attorney for procedural due process violations when the state refused to produce evidence for post-conviction DNA testing.  He also challenged the state court's denial of his request to compel such production under the applicable state post-conviction DNA statute.  Id.  The prisoner challenged the constitutionality of the procedures afforded by that statute.  Id. at 1298.  The United States Supreme Court held that his procedural due process claim could be brought in federal court under § 1983 and that the Rooker-Feldman Doctrine would not bar federal review of the state court decision construing the DNA statute.  Id.

Skinner, however, affords Plaintiff no relief.  As the Third Circuit has noted in regard to Skinner:

> [T]he Supreme Court of the United States held that a convicted state prisoner may request via § 1983 the DNA testing of crime-scene evidence. The basis for such a request does not derive from any substantive due process right secured by the Constitution's Fourteenth Amendment. Instead, the request must be premised on the violation of a prisoner's procedural due process rights. However, we have noted that procedural due process does not require that a district attorney disclose all potentially exculpatory evidence for postconviction relief.  As made clear by . . . Skinner, a procedural due process claim will only lie where a State's procedures for postconviction relief—and in particular those procedures in place for consideration of DNA-testing requests—are so flawed as to be fundamentally unfair or constitutionally inadequate. Liberally construing, and accepting as true, [plaintiff's] allegations . . . we discern no attempt by [plaintiff] to explain how Pennsylvania's specific procedures for postconviction DNA testing are inadequate as a matter of federal law.

Spuck v. Pennsylvania, 456 F. App'x 72, 73 (3d Cir. 2012) (citations omitted).  The Third Circuit therefore declined to afford relief under Skinner when the plaintiff had not challenged the specific procedures afforded to him by Pennsylvania's post-conviction DNA statute.

Other federal circuits have similarly declined to extend Skinner in the absence of a constitutional challenge to the state's post-conviction DNA statute's procedures, holding that the Rooker-Feldman Doctrine applies.  See, e.g., Cooper v. Ramos, 704 F.3d 772, 780 (9th Cir.

8

2012) (holding that Skinner applies only when there is "a challenge to the adequacy of the state-law process available to him," and the Rooker-Feldman Doctrine applies when plaintiff "attacks both the prosecutor's conduct in his specific case and the state court's application in his specific case of the statutory factors governing entitlement to DNA testing"); Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1263 (11th Cir. 2012) (holding that "the Rooker-Feldman doctrine bars [plaintiff's] procedural due process attack on the state court judgment [and] is wholly consonant with the Supreme Court's reasoning in Skinner" when there is no "challenge to the constitutionality of [the state's] DNA access procedures").

Plaintiff does not challenge the constitutionality of the procedures outlined in Pennsylvania's statute for post-conviction DNA testing.[7] He only challenges the decision of the second PCRA court and the refusal of Defendant to relinquish the requested evidence for DNA testing. Therefore, the Rooker-Feldman Doctrine applies to Plaintiff's case. Thus, in the absence of a constitutional challenge to the procedures of Pennsylvania's post-conviction DNA statute, this Court is not authorized under the Rooker-Feldman Doctrine to grant Plaintiff's requested relief or to overturn a state court decision. As such, Plaintiff's Amended Complaints must be dismissed.[8]

## IV. CONCLUSION

The Court will grant Defendant's Motion to Dismiss (Doc. No. 12). An appropriate Order follows.

---

[7] Not only has Plaintiff failed to address the constitutionality of the procedures provided in the state DNA statute, but he also has not complied with them.

[8] Because the Court is dismissing this case for the two reasons noted, there is no need for the Court to rule on the balance of Defendant's arguments for dismissal.